IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MIDFIRST BANK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-309-MJT |
| | § | |
| DONALD BASS, BRUNIS CLAYTON LOWERY, and THALIA ROWZEE, | § § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION ON MOTIONS FOR**
**DEFAULT JUDGMENT (Doc. #10) AND ATTORNEYS' FEES (Doc. #15)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred Plaintiff's Motion for Default Judgment (doc. #10) and Plaintiff's Motion for Attorneys' Fees (doc. #15) to the undersigned magistrate judge for consideration and disposition. After review, the undersigned recommends granting the motion.

**I.   Background**

On August 4, 2022, the plaintiff, MidFirst Bank ("Plaintiff" or "Bank") filed its complaint seeking enforcement of its statutory probate lien through foreclosure of a property located at 3800 Avalon Avenue, Port Arthur, Texas ("the Property"). The complaint (doc. #1) avers that on or about March 8, 2004, decedent Beverly Mehl executed a Note in the principal amount of $52,181.00 ("Note") in favor of Countrywide Home Loans, Inc. (Doc. #1, ¶16.) The Note was secured by Property. (*Id.*) Decedent also executed a Deed of Trust dated March 8, 2004, granting Countrywide and its successors and assigns a security interest in the Property. (Doc. #1, ¶17.) The Deed of Trust was recorded in the public records of Jefferson County,

Texas under Instrument No. 2004009321. (*Id.*) Bank is now the current owner of the note. (Doc. #1, ¶18.)

On or about March 13, 2020, Beverly Mehl passed away and no probate was ever opened for the decedent. (Doc. #1, ¶20.) Plaintiff avers that according to Texas law, the defendant-heirs named in the complaint inherited all the decedent's interest in the Property. (*Id.*) They have allegedly refused to pay the Note, and payment is due from May 1, 2020, and all subsequent payments. The Bank sent Notice of Default to Mehl at the Property address as specified in the Note and in accordance with Texas law on November 17, 2020. (Doc. #1, ¶23.) The default was not cured, and on April 21, 2022, the maturity of the debt was accelerated. (Doc. #1, ¶24.) The Bank therefore asserts a cause of action seeking the enforcement of its statutory probate lien on the property through non-judicial foreclosure, and alternatively, judicial foreclosure. (Doc. #1, ¶¶31-37.)

The Bank issued summons and had process personally served on the named defendants, Brunis Clayton Lowery and Thalia Rowzee. (Docs. #6 and #7.) On November 15, 2022, the district court issued an order allowing substitute service on Donald Bass by posting a copy of the Summons and Complaint at the front door of 114 Oregon Way, Dandridge, TN or delivering a copy to a person over the age of 16 at that same address. (Doc. #5.) On December 1, 2022, an affidavit of service was filed showing service on Donald Bass by attached a true copy of the Summons and Complaint at the address of 114 Oregon Way, Dandridge, TN. (Doc. #8.) To date, none of the named defendants have appeared in the case by filing an answer or any other pleading. Accordingly, on January 11, 2023, the Bank requested entry of default by the Clerk of Court. (Doc. #9.) The Clerk entered default against Defendants Donald Bass, Brunis Clayton Lowery, and Thalia Rowzee on January 12, 2023. (Doc. #11.)

Prior to the clerk's entry of default, Plaintiff filed the instant Motion for Default Judgment. (Doc. #10.) The motion requests entry of judgment in the Bank's favor against the known heirs/named defendants declaring that the unpaid balance on the note is secured by the security instrument on the Property, entering judgment against the named heirs/defendants foreclosing on the Property in favor of the Bank as mortgagee, and awarding attorney's fees and costs to the Bank, but only as additional debt secured by the Security Interest and not as a personal judgment. (Doc. #10 at ¶9.) The defendants have neither responded to the motion for default judgment nor appeared in any other manner.

## II.     Relevant Legal Standards

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Default under Rule 55 consists of two procedural steps; one for the clerk and one for the court. The first step is the entry of default, followed by the entry of default judgment. *See, e.g.*, *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corrs.*, No. 10-30618, 401 Fed. App'x 927, 929 (5th Cir. 2010). Federal Rule of Civil Procedure 55(a) directs the first step requiring the clerk of court to enter default:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(a). However, an entry of default against the defendant does not automatically entitle the plaintiff to a default judgment. *See, e.g., Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Waltner v. Aurora Loan Servs., L.L.C.*, No. 12-50929, 51 F. App'x 741, 749 (5th Cir. 2013). After the clerk enters default, the clerk may enter a default judgment only if the claim is "for a sum certain or a sum that can be

made certain by computation." FED. R. CIV. P. 55(b)(1).  When the amount of the claim is not certain and cannot be made certain,

> [T]he party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

FED. R. CIV. P. 55(b)(2).  The court may conduct a hearing if necessary to:

> (a) conduct an accounting;
> (b) determine the amount of damages;
> (c) establish the truth of any allegation by evidence; or
> (d) investigate any other matter.

FED. R. CIV. P. 55(b)(2).

The Fifth Circuit generally disfavors default judgments.  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala*, 874 F.2d at 276). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009).  Rather, the court must determine: "(1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive." *Primerica Life Ins. Co. v. Basilio as Next Friend of UMB*, No. 4:22-CV-00541, 2023 WL 3292879, at *2 (E.D. Tex. May 5, 2023) (citing *Graham v. Coconut LLC*, No. 4:16-CV-00606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017)); *see also United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).  After a default judgment, the plaintiff's well-pleaded

factual allegations are taken as true. *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

Regarding damages, however, it is the court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Oil States Int'l, Ltd. v. Richard*, No. 22-2437, 2022 WL 17968055, at *4 (E.D. La. Dec. 27, 2022) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). A plaintiff is not entitled to have its allegations regarding damages accepted as true. *Shipco Gen., Inc.*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

Generally, damages are not awarded without a hearing or demonstration by detailed affidavits. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If the damages or relief requested can be determined with mathematical calculation by referring to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III. Application

#### A. Procedural Standard

The court considers the six *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment: (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

1. *Are issues of material fact present?*

Because the defendants have failed to answer the complaint, they admit the plaintiff's well-pleaded allegations of fact—apart from any relating to the amount of damages—and "[are] barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206; *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). Here, the facts asserted in the complaint are well-pleaded, as the Bank's factual allegations show a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007); *United States v. Giles,* 538 F.Supp.2d 990, 993 (W.D. Tex 2008). Likewise, due to the defendants' failure to answer, the entry of default by the clerk was appropriate. For these reasons, default judgment may be lawfully entered. *See Thomas v. Wooster,* 114 U.S. 104, 113 (1885) (default judgment may be lawfully entered "according to what is proper to be decreed upon the statements of the bill, assumed to be true").

2. *Is there substantial prejudice or harshness in default judgment?*

The defendants have not answered the complaint or otherwise defended the matter, nor is there any indication that they intend to appear or otherwise respond. The default judgment motion has been on file for more than six months with no response. The defendants received ample notice of the suit and that there is a pending default judgment. In their motion, the Bank avers that a copy of the motion was sent to each of the named defendants at their last known address via certified mail. (Doc. #10, at 5.) Taking the well-pleaded facts of the original complaint as true, the Bank has asserted a valid cause of action to foreclose on the property. The Bank properly requested entry of judgment in its favor regarding the interest in the property and foreclosure. Based on this procedural history and the efforts expended to date by the Bank in pursuing the debt owed on the Note for the Property, it will be substantially prejudiced if default judgment is denied.

Furthermore, the defendants have wholly failed to respond to the claims asserted in this matter. They have not filed an answer asserting any interest in the property or disputing the Bank's claims. This silence and noncompliance establish that any prejudice to the defendants or harshness through entry of default is outweighed by the prejudice to the plaintiff if the Court fails to enter judgment in the plaintiff's favor.

### 3. *Are the grounds for default clearly established?*

As stated above, the record indicates that the Bank successfully perfected service of process on the named defendants. They wholly failed to answer or otherwise respond to the complaint. The clerk entered default, and the United States subsequently filed the motion for default judgment. The procedural requirements of Rule 55 are satisfied, and the court may consider default judgment.

### 4. *Is default due to excusable neglect or good faith mistake?*

Again, the defendants were properly served notice of the original complaint and they have entirely failed to respond. There is no dispute that they also received notice of the motion for default judgment and have not answered the entry of default. Under these circumstances, there is no indication of a good faith mistake or excusable neglect on the defendants' part. Moreover, a finding of willful failure to answer a complaint is sufficient reason for granting a motion of default judgment. *See CJC Holdings v. Wright & Lato*, 979 F.2d 60, 64 (5th Cir. 1992), *rev'd on other grounds*, 989 F.2d 791 (5th Cir. 1993); *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *9 (E.D. Tex. Nov. 26, 2013).

### B. Relief Requested

In the motion, the Bank requests entry of judgment in its favor allowing it to proceed with foreclosure on the property. The plaintiff does not request monetary damages in its

complaint or in its motion.  (Docs. #1, #10, ¶10.)  The Bank does request attorney's fees and court costs, but only as an additional debt secured by the Security Instrument, not as a personal money judgment against the defendants.  Plaintiff's counsel has filed a motion for attorney's fees together with an affidavit and detailed bills.  (Doc. #15.)  Therefore, the court need not conduct a hearing to enter default judgment and determine the amount of damages.  FED. R. CIV. P. 55(b)(2).  Plaintiff's request for reasonable and necessary attorney's fees, though, must be reviewed by the court.

A prevailing party in a civil action may recover attorney's fees from an individual or a corporation in a claim for a written contract.  TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see also* FED. R. CIV. P. 54(d)(2).  While section 38.001(8) uses the term "may," "the Texas Supreme Court has declared that attorneys' fees under section 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.3 (5th Cir. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)).  This remains true even in the default judgment context.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) (upholding an award of attorney's fees granted as part of a default judgment).

The Fifth Circuit has described the basic procedure and standard for determining attorney's fees as a two-step process.  First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.  *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted).  The court should exclude all time that is excessive, duplicative, or inadequately documented.  Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *see also Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012)

(quoting *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379-80 (5th Cir. 2020)).  The *Johnson* factors are: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.  488 F.2d at 717–19.

        1. *Lodestar*

The plaintiff's attorney, Nicholas Frame, of Mackie, Wolf, Zientz & Mann, P.C., is requesting $7,779.10.  While the motion asserts that this amount is for attorney's fees, it is clear from the billing records that this amount includes $2,362.60 in expenses or costs.  Counsel's billing records do not total the number of hours work, but, according to the billing records, the work includes hours expended by counsel and a paralegal for pre-suit research, drafting of pleadings, discovery and motions, legal research, depositions and deposition preparation, correspondence, pre-trial preparation, and travel.  Counsel bills his hourly rate at $175.00, and the paralegal billed at $85.00 per hour.

With respect to the hourly rates requested, the court finds that $175 is reasonable and reflective of the rates in the community for similar work.  Based on this court's experience, $175 per hour is consistent, and perhaps below, typical rates for this level and quality of work in the Eastern District of Texas.

Although counsel's records do not total the number of hours worked by each biller, the undersigned engaged in this tedious task to properly calculate the lodestar.  Counsel's billing

entries total 22.5 hours, and the paralegal's billing entries total 17.4. Accordingly, the "lodestar" is determined by multiplying the number of hours reasonably expended by counsel on the litigation (22.5) times a reasonably hourly rate ($175) and the number of hours expended by the paralegal (17.4) times the hourly rate ($85) resulting in a lodestar amount of $5,416.50.[1]

### 2. *Johnson* Factors

Before a final award of attorney's fees may be assessed, the court must evaluate the lodestar under, and in conjunction with, the twelve *Johnson* factors. In applying the *Johnson* factors, the Court need not consider a factor already included in the calculation of the "lodestar." *See Graves v. Barnes*, 700 F.2d 220, 224 (5th Cir. 1983). The court now applies each of the *Johnson* factors to the lodestar.

As to time and labor required, "the trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). As addressed *supra*, Mr. Frame submitted detailed time records containing the date, activity, and number of hours he spent on each "billed" event. Additionally, Mr. Frame was assisted on this case by a paralegal.

In reviewing the motion and the billing records, the undersigned finds that counsel has exercised reasonable judgment in billing his time. However, the undersigned finds some of the time submitted by the paralegal to be clerical in nature and therefore not recoverable. *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). These include tasks such as calendaring and arranging for service of process. Such items are clerical or administrative tasks that are not recoverable. The undersigned recommends adjusting the lodestar downward by 10% to account for unrecoverable amounts.

---

[1] 1722.5 x $174 = $3937.50; 17.4 x $85 = $1479. $3937.50 + $1479 = $5416.50.

The undersigned has considered all the other *Johnson* factors and finds that the application of each does not require either an upward or downward departure from the lodestar. Applying the 10% downward adjustment for clerical work, the undersigned recommends awarding $4,874.50 in attorney's fees.

### 3. *Costs*

Finally, Plaintiff is seeking an award of $2,362.60 in court costs. The enumerated taxable costs recoverable under 28 U.S.C. § 1920 are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

Of the costs set forth in counsel's billing records, $402 is the cost of filing the complaint. This is recoverable under 28 U.S.C. § 1920. The other costs are process service fees and travel costs. These are not recoverable.

A district court may decline to award costs set forth in section 1920 but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Section 1920 says nothing about fees for private service of process, and the Fifth Circuit has held that "costs for private process servers are not recoverable, absent exceptional circumstances." *Zastrow v. Hous. Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017). Plaintiff has not argued or shown exceptional circumstances here. The undersigned therefore recommends that Plaintiff is entitled to recover $402 in costs.

## IV. Recommendation

For the reasons stated herein, the undersigned recommends that the District Court **GRANT** the Bank's Motion for Default Judgment (doc. #18). The undersigned further recommends that the court enter judgment in favor of the Plaintiff and assess a default judgment against the defendants, Donald Bass, Brunis Clayton Lowery and Thalia Rowzee, in the manner requested in plaintiff's motion.

The undersigned further recommends **GRANTING IN PART** and **DENYING IN PART** Plaintiff's Motion for Attorneys' Fees (doc. #15) by awarding **$4,874.50** in attorneys' fees and **$402.00** in costs.

## V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 4th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE